Eastern District of Kentucky
FILED
JUL 0 6 2007
AT LEXINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

CIVIL ACTION NO. 07-66 JBC

UNITED STATES OF AMERICA  PLAINTIFF

VS.  JUDGMENT AND ORDER OF SALE

BOBBY R. RATLIFF  DEFENDANTS
THE UNKNOWN SPOUSE OF BOBBY RATLIFF
CAROLE KAY RATLIFF

\* \* \* \* \* \* \*

This matter having come before the Court upon the plaintiff's Motion for Judgment by Default and Order of Sale against Defendants, Bobby R. Ratliff and Carole Kay Ratliff, and the Court having considered the Motion and its record herein, and being otherwise sufficiently advised; it is

ORDERED, ADJUDGED and DECREED herein as follows:

1. That the plaintiff's said Motion should be and the same hereby is GRANTED.

2. That the plaintiff, the United States of America, be and it is hereby granted an In Rem JUDGMENT against the interests of the defendants, Bobby R. Ratliff and Carole Kay Ratliff, in the real property which is the subject of this action, more particularly described below, in the sum of $19,625.45 principal, plus an interest credit subsidy granted in the amount of $15,959.21, plus interest in the amount of $1,794.56 as of June

18, 2007, and interest thereafter on the principal at $4.8391 per day from June 18, 2007, until the date of entry of this Judgment, plus interest on the Judgment amount (principal plus interest to the date of entry of this Judgment plus the interest credit subsidy granted) at the legal rate of interest in effect as of the date of this Judgment, computed daily and compounded annually, until paid in full, and for the costs of this action.

    3. That the United States having determined that Robby R. Ratliff is unmarried, the plaintiff's claims herein against the defendant, the Unknown Spouse of Bobby R. Ratliff, should be and hereby are DISMISSED.

    4. That federal liens attach to the real property which is the subject of this action, the same being located in Menifee County, Kentucky, and more particularly described as follows (hereinafter referred to as the "Property"):

> A tract of land, designated Lot Number Five (5), on the north side of the Amos Ridge Road near the "Switch Back" in Menifee County, Kentucky, approximately two (2) miles west of the McCausey Ridge Road, to-wit:
>
> Beginning at an iron pin at the north right of way line of the Amos Ridge Road, a corner to Lot #4; thence N 14° 00' W with line a Lot #4, a distance of 200 feet to an iron pin at the Egelston property line, a corner; thence N 84° 20' E with the Egelston property line, a distance of 55.8 feet, to an iron pin, a corner; thence S 20° 07' E a distance of 200 feet, to a steel pin at the north right of way line of Amos Ridge Road, a corner; thence S 84° 56' W with said road right of way line, a distance of 106 feet,

      to the iron pin at corner of Lot #4, the beginning point.

      Being the same property conveyed from the United States of America, acting by and through the Administrator of the Farmers Home Administration, United States Department of Agriculture, to Kenneth Ratliff, single, by Deed dated October 27, 1987, recorded in Deed Book 58, Page 288, in the Menifee County Clerk's Office.

      The said Kenneth Ratliff died testate a resident of Menifee County, Kentucky, on December 31, 1998, whereupon all right, title and interest in and to the above-described property vested in Bobby Ratliff and Carole Kay Ratliff pursuant to the provisions of Kenneth Ratliff's Last Will and Testament which is recorded in Will Book E, Page 148, in the Menifee County Clerk's Office.

5. That the federal liens attaching to the Property shall be foreclosed and the Property sold at auction, pursuant to Title 28, United States Code, Sections 2001 and 2002, in the manner hereinafter set forth; and that the Property shall be sold free and clear of all liens, claims, and rights of redemption of all the parties to this action, except for restrictions and easements of record, zoning laws affecting the Property, municipal utility and/or maintenance liens, and any city, county, state or school ad valorem taxes which may be due and payable or assessed against the Property at the time of the sale. Payment of such property taxes and municipal utility or maintenance charges shall be the responsibility of the purchaser of the Property at the foreclosure sale.

6.  That in accordance with the foregoing paragraph the following liens, to the extent they affect the Property, shall be deemed to be released upon entry herein of the Court's order confirming the foreclosure sale of the Property as more fully set forth below:  Mortgage in favor of Rural Development, formerly known as the Farmers Home Administration and the Rural and Economic Community Development Service, recorded on November 20, 1987, in Mortgage Book 2, Page 777, in the Office of the Clerk of Menifee County, Kentucky.

7.  That the United States Department of Agriculture, Rural Development, be and it hereby is authorized and directed to offer the Property for sale at public auction.  The sale shall be conducted within Menifee County, Kentucky.  Rural Development shall advertise the sale by causing a notice of the sale, containing the time and place of the sale, a description of the Property, and the terms of the sale, to be published no less than once a week for four consecutive weeks prior to the sale in a daily newspaper of general circulation in Menifee County.  Rural Development shall pay the expenses of such advertising, and shall be reimbursed upon distribution of the sale proceeds.  Prior to the sale, Rural Development shall have the Property appraised by a certified/licensed appraiser who shall be duly sworn by law before entering upon such duties.  Rural Development shall pay the customary fee for the appraisal, and shall be reimbursed upon distribution of the sale proceeds.  Neither the appraiser nor

anyone acting on his or her behalf may make a bid to purchase the Property. Should the purchase price for the Property be less than two-thirds of its appraised value, the United States Marshal's deed conveying the Property to the purchaser shall contain a lien in favor of the defendants herein who are the record, chain-of-title owners of the Property reflecting their right to redeem the Property during the period for such redemption provided by law. Upon the sale of the Property, the successful bidder may pay to the United States Marshal for the Eastern District of Kentucky the purchase price in cash or upon a credit of 60 days. At the sale, no bid (except as to Rural Development and the other secured parties to this action who may credit bid against their judgments herein) shall be accepted unless the same is accompanied by an immediate cash deposit of at least 10% of the amount of the purchase price. The successful bidder(s) shall execute a sales bond with good and sufficient surety, or shall provide a bank letter of credit, for the balance of the purchase price. The requirement of a sales bond or a bank letter of credit may be reasonably waived by the attorney for the United States. The successful bidder(s) must tender the balance of the purchase price to the Lexington office of the United States Marshal within 60 days following the date of the sale. Upon a default by the purchaser(s), the purchaser's initial deposit shall be forfeited and retained by the United States Marshal to be subsequently disbursed as a part of the proceeds of

sale; whereupon the Property shall again be offered for sale in compliance with this Judgment.

8. That the sale of the Property shall be subject to confirmation by this Court. As soon as practicable following the sale, Rural Development shall cause to be filed of record herein a Report of Sale. The Report of Sale shall set forth the time and place of the sale, the appraised value of the Property, the purchase price, the identity and addresses of the purchasers, a statement of how the purchasers wish to take title to the Property, and the advertising, appraisal and other expenses of the sale incurred by Rural Development. The Report of Sale shall lay over for objections and exceptions for ten days after the filing of the Report. After the Report has laid over for ten days, the United States shall forthwith file a motion herein for confirmation of the sale and for entry of an order directing the United States Marshal to execute a deed of conveyance of the Property to the purchaser. The United States Attorney shall prepare the Marshal's deed. The United States Marshal is not required to generally warrant title to the Property, and in no event shall the Marshal be personally obligated in any manner whatsoever. The Marshal shall tender the deed to the Court for approval and endorsement. The Marshal shall not deliver or cause delivery of the deed to the purchaser of the Property until such time as the sale has been confirmed by the Court, the deed has been examined and approved by the Court, and the purchase price

has been paid in full to the Marshal. Following confirmation of the sale, payment in full of the purchase price, and delivery of the deed, the United States shall forthwith file of record herein a motion for distribution of the sale proceeds and to have this action stricken from the Court's active docket.

9. That the proceeds of the sale of the Property shall be subjected first to the payment of the costs of this action and the sale, then toward satisfaction of the United States' Judgment against the defendants, Bobby R. Ratliff and Carole Kay Ratliff, and thereafter as this Court shall direct.

10. That in order to conduct the foreclosure sale of the Property, the United States shall have possession of the Property. Any persons now possessing or occupying the Property shall make the same available for inspection upon reasonable notice by the United States, and all such persons now possessing or occupying the Property shall completely move out of the Property not later than 30 days from the date of entry of this Judgment. Should any such person fail to move out of the Property in compliance with this Judgment, the United States shall, upon motion, be entitled to the entry of a Writ of Assistance providing for the eviction of such persons from the Property. Upon request of Rural Development or the attorney for the United States, the United States Marshal for the Eastern District of Kentucky is hereby authorized and directed to perform any and all acts which may be reasonably required to protect the

Property and to maintain the peace at the sale of the Property or at the eviction of persons who fail to comply with this Judgment.

11. That this action is now continued for confirmation of the sale of the Property, distribution of the sale proceeds, and for such further orders and judgments as may be necessary.

Date: 7/5/07

*Jennifer B. Coffman*
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY

DISTRIBUTION:

ECF Notification to United States Attorney

1 copy United States Marshal

1 copy to Defendants